WEITZMAN LAW OFFICES, LLC
Kenneth S. Weitzman (Bar No. 021451992)
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel.: (973) 403-9940
Fax: (973)-403-9944

*Attorneys for Plaintiff Frederick Goldman, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK GOLDMAN, INC., a New York Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>COSMANN GMBH, a Swiss Corporation; PHILIPPE GUSTAVE FRIEDMANN, JEAN-SÉBASTIEN COSTE, TOTALLY WORTH IT, LLC, a Delaware Limited Liability Company; MARTIN J. PULLI, INC., a Pennsylvania Corporation,<br><br>*Defendants*. | DOCUMENT FILED ELECTRONICALLY<br><br>Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Frederick Goldman, Inc. ("Frederick Goldman") for its Complaint against the Defendants, Cosmann GmbH aka Triton Watch Cosmann GmbH ("Triton Watch"), Phillippe Gustave Friedmann ("Friedmann"), Jean-Sébastien Coste ("Coste"), Totally Worth It, LLC ("TWI"), and Martin J. Pulli, Inc. ("Pulli") (collectively referred to as "Defendants"), alleges as follows:

### NATURE OF THIS ACTION

1. This is a civil action against Defendants for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), for common law trademark infringement, common law unfair competition, and unfair competition under N.J. Stat. Ann.

§56:4-1, and, against Defendants Friedmann, Coste and Triton Watch only, for tortious conspiracy.

2. Frederick Goldman seeks a permanent injunction, damages, costs and attorneys' fees against Defendants as authorized by the Lanham Act, New Jersey statutory and common law.

## THE PARTIES

3. Plaintiff Frederick Goldman is corporation organized under the laws of the State of New York and maintains its principal office at 55 Hartz Way, Secaucus, NJ 07094.

4. Upon information and belief, Defendant Triton Watch is a limited liability company organized under the law of Switzerland under company registration number CHE-246.970.594, has its principal place of business at Schützenstrasse 16, 4900 Langenthal, Switzerland, and, based upon its website http://tritonwatch.ch/language/en/contact-2/, does business as Triton Watch Cosmann GmbH.

5. Upon information and belief, Defendant Friedmann is a citizen and resident of France and, upon further information and belief, has an address of either 27, Rue Marcel Lecat, 95210 Saint-Gratien, Val-d'Oise - Île-de-France - France or 146 Avenue Pierre et Jean Van Heeghe-Goubet, 55840 Thierville-sur-Meuse, Meuse - Lorraine - France.

6. Upon information and belief, Defendant Coste is a citizen and resident of France and, upon further information and belief, has an address of either 8 Impasse Bernard Buffet, 34500 Béziers, Hérault - Languedoc-Roussillon - France or 25 Rue des Alouettes, 38490 Fitilieu, Isère - Rhône-Alpes - France.

7. Upon information and belief, Defendants Friedmann and Coste are each an officer, director, partner and/or co-owner of Defendant Triton Watch, and are each the controlling force and responsible for the day-to-day operations of Defendant Triton Watch.

8. Upon information and belief, Defendant TWI is a limited liability company organized under the laws of the State of Delaware, has its principal place of business at 76 Division Avenue, Summit, NJ 07901-2309, and, based on Triton Watch's website http://tritonwatch.ch/language/en/retailers/, is Defendant Triton Watch's sole U.S. distributor.

9. Upon information and belief, Defendant Pulli is a corporation organized under the laws of the Commonwealth of Pennsylvania, does business as Martin Pulli Fine Jewelry and Watches, has its principal place of business at 4337 Main Street - Manayunk, Philadelphia, PA 19127, and based on Triton Watch's website http://tritonwatch.ch/language/en/retailers/, is a boutique that sells Triton Watch watches bearing the TRITON mark.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331and 1338(a) and (b).  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction. The state law claims are so related to, and intertwined with, Frederick Goldman's federal trademark infringement claims as to be part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over the Defendant Triton Watch because it has engaged in regular, purposeful, business transactions and solicitations specifically directed at New Jersey alone and in concert with TWI, including, but not limited to, the selling and offering to sell jewelry, in the form of luxury watches, bearing the infringing TRITON mark in this District.

12. This Court has personal jurisdiction over Defendant TWI because it resides in the State of New Jersey, does business in this District and has committed the acts complained of in

this District including, but not limited to, the selling and offering to sell jewelry, in the form of luxury watches, bearing the infringing TRITON mark in this District.

13. More particularly, this Court has specific jurisdiction over non-U.S. Defendants Triton Watch, Friedmann and Coste because: (1) they purposefully directed the acts complained of herein at this forum themselves, and via and through forum resident Defendant TWI (their sole U.S. distributor), to distribute goods bearing the infringing TRITON mark, (2) this litigation arises at least out of, and relates directly to, their specific contacts with this forum in this regard, and (3) the exercise of jurisdiction over them otherwise comports with traditional notions of fair play and substantial justice.

14. This Court has personal jurisdiction over Defendant Pulli because, on information and belief, it has committed acts complained of herein in this District by engaging in business transactions and solicitations in New Jersey including, but not limited to, acting as a retailer for Defendants Triton Watch, Friedmann, Coste and TWI and/or as an agent of TWI and/or itself engaging in the sale of jewelry, in the form of luxury watches, bearing the infringing TRITON mark in this District.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

<b>FACTS COMMON TO ALL CLAIMS FOR RELIEF</b>

<b>FREDERICK GOLDMAN'S TRITON® TRADEMARK</b>

16. Frederick Goldman is one of the world's leading manufacturers of jewelry. The company was founded in 1948 as a one-man operation specializing in wedding rings, and has grown and expanded its offerings to become one of the largest, privately held jewelry manufacturing companies in North America, offering its customers a large selection of fine

jewelry across a portfolio of distinctive brands, including GOLDMAN®, TRITON®, ARTCARVED® and DIANA®.

17.  Frederick Goldman is the owner of a federal trademark registration—United States Trademark Registration No. 2,504,103, issued by the United States Patent & Trademark Office on November 6, 2001—for the mark TRITON® for "jewelry" in International Class 014.

18.  Frederick Goldman has offered jewelry under its TRITON® brand since at least as early as January 2000.  The jewelry offered by Frederick Goldman under its TRITON® brand includes rings, bracelets and necklaces.

19.  Frederick Goldman's registration for the TRITON® mark is valid, subsisting and owned by Frederick Goldman, and constitutes *prima facie* evidence of Frederick Goldman's exclusive nationwide rights in the registered mark as of the filing date of the application in accordance with 15 U.S.C. §§ 1057(c), 1115(a).  Moreover, this registration has attained incontestable status in accordance with 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity and registration of the TRITON® mark, Frederick Goldman's ownership of the TRITON® mark, and its exclusive right to use the TRITON® mark throughout the United States in connection with jewelry as of the application's November 14, 2000 filing date in accordance with 15 U.S.C. §1115(b).  A copy of the Certificate of Registration for the TRITON® mark is attached hereto as **Exhibit 1**.

20.  By virtue of its use of the TRITON® mark since at least as early as the year 2000, the TRITON® mark has become nationally recognized and distinctive in the marketplace, serving to distinguish jewelry of Frederick Goldman from jewelry emanating from other sources.

21. Frederick Goldman has expended, and continues to expend substantial resources, in the form of money, time and effort in the promotion, marketing and advertising to cultivate, and maintain, the valuable goodwill and reputation of jewelry bearing the TRITON® mark.

22. Frederick Goldman is also the owner of extensive common law trademark rights under Federal and New Jersey statutory law, as well as under the common law, by virtue of its continuous use of the TRITON® mark since at least the year 2000.

### DEFENDANTS' INFRINGING ACTIVITIES

23. On information and belief, Defendants Friedmann and Coste caused the formation of Defendant Triton Watch in July 2014, long after Frederick Goldman began using the TRITON® mark and applied for and obtained registration of the TRITON® mark from the United States Patent & Trademark Office.

24. On information and belief, Defendants Friedmann and Coste, as the joint owners of Defendant Triton Watch and/or as the corporate officers of Defendant Triton Watch, were directly behind, and have a direct financial interest in, the acts of Defendant Triton Watch complained of herein.

25. On information and belief, at all relevant times, as the joint owners of Defendant Triton Watch, Defendants Friedmann and Coste authorized, directed, and/or personally participated in the actions of Defendant Triton Watch, and thereby were the moving, active, conscious force behind the decision to commit the acts of Defendant Triton Watch complained of herein.

26. On information and belief, Defendants Friedmann, Coste and Triton Watch mutually, collectively, conspired to revive the use of the mark TRITON that had been previously used by La Spirotechnique SA—a French company owned by Air Liquide that subsequently

changed its name to Aqua Lung International—for a diving watch first introduced in 1963 and discontinued in the early 1970's.

27. By the early 1970's, the mark TRITON was abandoned in the United States when La Spirotechnique SA discontinued sales of its diving watch under that mark.

28. On information and belief, Defendants Friedmann, Coste and Triton Watch have no relation to La Spirotechnique SA, instead acknowledging, on Triton Watch's website http://tritonwatch.ch/language/en/about-2-2/?lang=en, that the purpose of creating Defendant Triton Watch in July 2014 was "re-launch the Triton brand" from the 1960's and 1970's.

29. On information and belief, Defendants Friedmann, Coste and Triton Watch mutually, collectively, conspired to enter into an agreement to sell and offer to sell watches in the United States bearing the infringing TRITON mark registered and owned by Plaintiff Frederick Goldman.

30. At some point thereafter, upon information and belief, Defendants Friedmann and Coste caused Defendant Triton Watch to enter into an arrangement with Defendant TWI, whereby Defendant TWI would, from within this District, (1) act as Defendant Triton Watch's sole U.S. distributor of watches bearing the infringing TRITON mark, and (2) sell Defendant Triton Watch's products bearing the infringing TRITON mark within the United States.

31. Upon information and belief, Defendant Pulli has also entered into an arrangement with TWI and/or Triton Watch whereby Defendant Pulli purchases watches bearing the infringing TRITON mark and offers and/or sells those watches, *inter alia*, at retail to purchasers within this jurisdiction.

32. On April 4, 2016, Defendants Friedmann and Coste jointly applied to register the mark TRITON in the United States Trademark Office in an application assigned as United States

Trademark Application No. 86/963,487 based on their alleged *bona fide* intent-to-use the TRITON mark in commerce on or in connection with watches.

33. On July 19, 2016 and again on May 16, 2017, the United States Trademark Office refused Defendants Friedmann and Coste's application for registration of the TRITON mark for watches based upon likelihood of confusion with Plaintiff Frederick Goldman's registered TRITON® mark for jewelry.

34. On November 16, 2017, Defendants Friedmann and Coste requested reconsideration of the United States Trademark Office's final refusal to register the TRITON mark and also filed an *ex parte* appeal of the final refusal to the Trademark Trial & Appeal Board ("TTAB") in the United States Patent and Trademark Office.

35. On November 28, 2017, the United States Trademark Office denied Defendants Friedmann and Coste's request for reconsideration and maintained the final refusal to register Defendants Friedmann and Coste's TRITON mark on "likelihood of confusion" grounds, specifically noting, with respect to Plaintiff Frederick Goldman's TRITON® mark, "the strength of this wording and a lack of dilution of the wording with respect to the goods."

36. By letter dated January 25, 2018 (attached as **Exhibit 2** hereto), Defendants Friedman and Coste, through their U.S. counsel, contacted counsel for Plaintiff Frederick Goldman and requested that Plaintiff Frederick Goldman consent to registration by Defendants Friedman and Coste of the mark TRITON in the United States for watches. The letter also included a current photograph of a watch bearing the infringing TRITON mark.

37. On February 2, 2018, Defendants Friedman and Coste, through their U.S. counsel, filed a "Request For Suspension Of Appeal" with the TTAB representing that they were seeking resolution with Plaintiff Frederick Goldman, the registrant of the TRITON® mark.

38. Promptly, by letter response dated February 5, 2018 (attached as **Exhibit 3** hereto), Plaintiff Frederick Goldman, through its counsel, refused to consent and specifically demanded that Defendant cease-and-desist from using the infringing TRITON mark in connection with the sale of watches in the United States.

39. In addition, in the February 5, 2018 letter, Plaintiff Frederick Goldman, through its counsel, demanded that Defendants Friedmann and Coste immediately advise the TTAB that they are no longer seeking resolution with the owner of the TRITON® registration, and that they withdraw both their Request for Suspension of Appeal and their *ex parte* appeal and expressly abandon their application to register the infringing TRITON mark for watches. On information and belief, to date, Defendants Friedman and Coste have not complied with any of Plaintiff Frederick Goldman's demands.

40. On information and belief, one or both of Defendants Friedmann and Coste received Plaintiff's February 5, 2018 letter, or at least was advised of it by their counsel, such that they were plainly aware that Defendant Triton Watch's sale of watches bearing Plaintiff Frederick Goldman's TRITON mark was unlawful, and, despite that knowledge, either explicitly authorized Defendant Triton Watch to continue that activity, or implicitly authorized it by doing nothing.

41. On further information and belief, Defendants Friedmann, Coste and Triton Watch have caused Defendants TWI and Pulli to continue to sell watches bearing the infringing TRITON mark.

42. On information and belief, at least Defendants Friedman, Coste and Triton Watch were aware, prior to using the infringing TRITON mark on watches in the United States, of

Plaintiff Frederick Goldman's registered TRITON® trademark and of Plaintiff Frederick Goldman's exclusive nationwide rights in and to such mark in the United States.

43. Plaintiff Frederick Goldman has no association, affiliation, sponsorship or other connection with any of the Defendants.

44. On information and belief, Defendants' use of the TRITON mark is likely to confuse and deceive customers into improperly associating Defendants' watches with Plaintiff Frederick Goldman, or instill a belief that Defendants' watches were approved or sponsored by, or are otherwise related to Plaintiff Frederick Goldman.

45. On information and belief, Defendants' actions were, and continue to be, designed, in part, to trade off of and capitalize, at least in part, on Plaintiff Frederick Goldman's goodwill and reputation.

46. On information and belief, despite having knowledge of Plaintiff Frederick Goldman's TRITON® registration, Defendants Friedmann and Coste caused Defendant Triton Watch to engage in the sale and offering for sale of watches bearing the TRITON mark with full knowledge, and in deliberate disregard of, Plaintiff's registration and rights therein, and have caused and/or induced Defendants TWI and Pulli to do the same.

47. Despite having notice of Plaintiff Frederick Goldman's exclusive nationwide rights in the TRITON® mark, Defendants have neither ceased nor desisted from their wrongful conduct and continue to sell watches bearing the infringing TRITON mark.

## COUNT ONE
### (Federal Trademark Infringement – 15 U.S.C. § 1114)

48. Plaintiff Frederick Goldman incorporates by reference the allegations of Paragraphs 1-47 of this Complaint.

49. Plaintiff Frederick Goldman is the exclusive owner of United States Trademark Registration No. 2,504,103 for the mark TRITON® for jewelry, which federal registration has become "incontestable" under the Lanham Act.

50. Notwithstanding Plaintiff Frederick Goldman's well-known and prior-established rights in the TRITON® trademark, and Defendants' actual and constructive knowledge of Plaintiff's rights, Defendants are currently offering, and have in the past offered, watches in commerce in the United States bearing the mark TRITON, without being authorized, sponsored or otherwise approved by Plaintiff.

51. The foregoing acts of Defendants are likely to cause confusion, mistake and deception among consumers and the public, and within the jewelry industry, as to whether Defendants' watches originate from, or are affiliated with, or are sponsored, approved or endorsed by Plaintiff Frederick Goldman.

52. On information and belief, Defendants have acted with the deliberate intent to unfairly benefit, at least in part, from the substantial goodwill symbolized by Plaintiff Frederick Goldman's registered TRITON® trademark for jewelry.

53. Defendants' acts, individually and collectively, constitute trademark infringement in violation of 15 U.S.C. § 1114.

54. The willful and intentional nature of Defendants' infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

55. Defendants' willful acts of infringement have irreparably damaged, and will continue to so damage, Plaintiff unless restrained; Plaintiff has no adequate remedy at law.

## COUNT TWO
### (False Designation of Origin &Unfair Competition – 15 U.S.C. § 1125(a))

56. Plaintiff Frederick Goldman incorporates by reference the allegations of Paragraphs 1-55 of this Complaint.

57. Defendants' adoption and use in commerce of Plaintiff Frederick Goldman's registered TRITON® trademark in connection with watches constitutes an infringing use in that is likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Defendants' watches with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Defendants' watches.

58. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a).

59. The willful and intentional nature of Defendants' infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

60. Defendants' willful acts of infringement have irreparably damaged, and will continue to so damage, Plaintiff unless restrained; Plaintiff has no adequate remedy at law.

## COUNT THREE
### (Common Law Unfair Competition)

61. Plaintiff Frederick Goldman incorporates by reference the allegations of Paragraphs 1-60 of this Complaint.

62. The foregoing acts of Defendants constitute unfair competition of the common law of the various states, including the State of New Jersey.

63. Defendants' willful acts of infringement have irreparably damaged, and will continue to so damage, Plaintiff unless restrained; Plaintiff has no adequate remedy at law.

## COUNT FOUR
### (New Jersey Unfair Competition – N.J. Stat. Ann. § 56:4-1)

64. Plaintiff Frederick Goldman incorporates by reference the allegations of Paragraphs 1-63 of this Complaint.

65. The foregoing acts of Defendants constitute unfair competition under the statutory law of the State of New Jersey, N.J. Stat. Ann. § 56:4-1.

66. Defendants' willful acts of infringement have irreparably damaged, and will continue to so damage, Plaintiff unless restrained; Plaintiff has no adequate remedy at law.

## COUNT FIVE
### (Tortious Conspiracy – Defendants Friedmann, Coste and Triton Watch only)

67. Plaintiff Frederick Goldman incorporates by reference the allegations of Paragraphs 1-66 of this Complaint.

68. On information and belief, Defendants Friedmann, Coste and Triton Watch mutually conspired to enter into an agreement to sell and offer to sell watches in the United States bearing the registered TRITON mark, despite the actual or constructive knowledge of Plaintiff's rights therein.

69. Defendants Friedmann, Coste and Triton Watch entered into an agreement with TWI for the purpose of committing an unlawful civil act—infringement of Plaintiff's exclusive rights in the United States in and to the federally-registered TRITON® mark for jewelry.

70. In furtherance of the agreement, one or both of Defendants Friedmann and/or Coste affirmatively caused Triton Watch to sell watches bearing Plaintiff's TRITON mark to TWI.

71. Defendants' willful acts of infringement have irreparably damaged, and will continue to so damage, Plaintiff unless restrained; Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frederick Goldman, Inc. respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including but not limited to the following:

A.    Declaring that Plaintiff's rights in the TRITON® mark are valid and enforceable.

B.    Declaring that Defendants have infringed Plaintiff's rights under relevant federal and state statutory and common laws, and that Defendants have unfairly competed with Plaintiff in violation of federal law and the laws of New Jersey.

C.    Declaring that Defendants Triton Watch, Friedmann and Coste have engaged in an unlawful civil conspiracy.

D.    Entering a permanent injunction enjoining and restraining each Defendant, and their related companies, agents, servants, employees, officers, attorneys, successors, licensees partners, and assigns, and all persons acting in concert or participation with each or any of them, from:

(i)    Using the mark TRITON® in connection with jewelry, including but not limited to, watches;

(ii)    Using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the registered TRITON® mark on any product, website, advertisement or other marketing materials;

(iii)    Using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the registered TRITON® mark in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any website of a Defendant to be listed by any Internet search engines in response to any searches that include any terms

identical with or confusingly similar to Plaintiff's registered TRITON® trademark, except, as to Defendants TWI and Pulli only, in *bona fide* connection with the retail offering for sale of any vintage Triton brand diving watches that were sold by La Spirotechnique SA in the 1960's and 1970's;

   (iv) Otherwise infringing Plaintiff's registered TRITON® Trademark or competing unfairly with Plaintiff;

   (v) Making any description or representation likely to cause persons to believe that Defendants' goods are, in any way, affiliated, associated, authorized, sponsored, endorsed, or otherwise connected with Plaintiff;

   (vi) Any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Defendants' goods with Plaintiff; and

   (vii) Engaging in any other activity, including without limitation, forming of any entity or using any other device for the purpose, or which would have the effect, of circumventing, evading, avoiding or otherwise violating the prohibitions of subsections D(i) through D(vi) hereof;

  E. Ordering Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of such injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have each complied with the injunction;

  F. Awarding Plaintiff all profits and damages realized by each Defendant by reason of their unlawful acts as set forth in this Complaint;

  G. Trebling the award of damages suffered by reason of the intentional unlawful acts of Defendants as set forth in this Complaint;

    H.    Awarding Plaintiff costs, expenses, and reasonable attorneys' fees;

    I.    Ordering Defendants, upon entry of judgment against them, to either:

        (i)    deliver up for destruction, or

        (ii)    immediately remove from the United States,

all products, writings, signage, artwork, labels, packaging, advertising and other materials that infringe Plaintiff's statutory or common law rights, have falsely designated their source or origin by virtue of use of Plaintiff's registered TRITON® trademark, diluted Plaintiff's registered TRITON® trademark, has caused or may cause likelihood of confusion with Plaintiff, or otherwise facilitates Defendants' unfair competition with Plaintiff; and

    J.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Frederick Goldman demands a trial by jury on all issues triable thereto.

**WEITZMAN LAW OFFICES, LLC**

Dated: May 9, 2018    By: /s Kenneth S. Weitzman
    Kenneth S. Weitzman (Bar No. 021451992)
    425 Eagle Rock Avenue, Suite 102
    Roseland, New Jersey 07068
    Tel. (973) 403-9940
    Email: kweitzman@weitzmanip.com

*Attorneys for Plaintiff Frederick Goldman, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by and through the undersigned, hereby certifies that the matters in controversy in this litigation are not, to the best of Plaintiff's knowledge and belief, the subject of any other pending action or arbitration proceedings.  Plaintiff further certifies that it presently has no knowledge of any other parties who should have, but have not been, joined in this action.

**WEITZMAN LAW OFFICES, LLC**

Dated:  May 9, 2018

By:  /s  Kenneth S. Weitzman
Kenneth S. Weitzman (Bar No. 021451992)
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel. (973) 403-9940
Email: kweitzman@weitzmanip.com

*Attorneys for Plaintiff Frederick Goldman, Inc.*

## RULE 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, the undersigned counsel for Plaintiff hereby certifies that, in addition to monetary damages, Plaintiff seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated:  May 9, 2018						By:  /s  Kenneth S. Weitzman
								Kenneth S. Weitzman (Bar No. 021451992)
								425 Eagle Rock Avenue, Suite 102
								Roseland, New Jersey 07068
								Tel. (973) 403-9940
								Email: kweitzman@weitzmanip.com

								*Attorneys for Plaintiff Frederick Goldman, Inc.*